Hull, J.
This ease comes into this court on petition in error filed by Frederika Schneider, to reverse the judgment of the court of common pleas. The action was brought by the defendant in error, John J. Curran — who was plaintiff below— to recover $30 of the defendant below, which he claimed was due him for one month’s rent of certain premises in the city of Toledo. He claims that on or about the 1st day of December, 1896, he entered into a contract with defendant to lease to her certain premises, at the rate of $30 per month, from the 1st of December, 1896, until the 1st day of July, 1897; and upon the further condition and agreement that in case the tenant, Frederika Schneider, did not give him notice of her intention to leave the premises thirty days before July 1st, 1897, that that should be taken to be and regarded as an intention and agreement on her part to occupy the premises for a period of one year or more after the 1st day of July, 1897, to-wit, until the 1st day of July, 1898.
The defendant in her answer denies that she made such a contract with the plaintiff as is claimed by him in his petition; and she claims further, and alleges in her answer, that “on or about the 1st day of July, 1897, she made a verbal lease of said premises with the plaintiff for one year from the 1st day of July, 1897, with the condition that if either plaintiff or this defendant should at any time desire to terminate said lease, they or either of them could do so *225 by giving verbal notice of thirty days; and this defendant avers that in pursuance of said agreement she gave plaintiff thirty days’ notice of her desire to terminate said lease on the 1st day of January, 1898, and before the 1st day of February, 1898, she surrendered said premises to plaintiff who accepted said surrender, That she has paid all rent to February 1st, 1898,” She admits that she was in possession of said premises until about the 28th day of January, 1898, at a rental of thirty dollars per month, but she denies that the contract of lease set forth in said amended petition was ever entered into by her.
The parties agree, that under some contract these premises were leased by John J, Curran to Frederisa Schneider on or about the 1st day of December, 1896, and that she continued to occupy them until either the last of January or the 1st of February, 1898, at the rate of thirty dollars per month, and that the rent was paid up to the 1st of February, 1898, at that rate. It is admitted all around that on or about the 1st day of December, 1896, the defendant below — Frederika Schneider — entered into possession of these premises and paid this rent for the time that I have indicated, and she was in possession of the premises on the 1st day of July, 1897 and had been from December 1st, 1896 There is a conflict between the testimony of the plaintiff and defendant as to what the original contract was —which I will discuss later,
The first error complained of by the plaintiff in error is, that the court erred in refusing to permit her to show a new contract of lease which she claims she entered into with the plaintiff — Durran—on or about the 1st day of July, 1897. Now, as I say, at that time Mrs. Schneider was in possession of the premises; she had been in possession of them since the 1st of December prior. The plaintiff claimed that the original contract was, that unless she gave notice to him thirty days prior to the 1st of July, 1897, that that would be understood to be a renewal of the lease, and it was agreed to be regarded as a renewal of the lease for one year thereafter. The defendant denied this feature of the contract, bnt admitted the entering into possession; admitted that she was to pay this rent of $>30.00 per month; admitted that she was in possession on the 1st of July, 1897, under *226 an oral contract, No written contract — no memorandum in writing was ever executed between these parties. As I have read from the defendant’s answer, she claims that about the 1st day of July, 1897, she entered into an oral contract, of the terms therein set forth, with Mr. Curran. The business was carried on through her son, Rudolph Schneider, who acted 8S her agent in the premises and who made the contract with Mr. Curran, and after various questions had been put to Mr. Rudolph Schneider, when he was upon the witness-stand, and the court had ruled upon them —'it being the purpose of counsel to show that on the 1st of July, 1897, a new contract was entered into between these parties — counsel for Mrs. Schneider asked this question: “What other conversation did you have with him?’’ Referring to Mr. Curran, Objection was made to the question, and was sustained. Mr. McClelland then stated: “I offer and expect to prove by the answer to this question, if the witness were permitted to answer, that Mr, Curran and he, as the agent of the plaintiff, entered into a verbal agreement to hold the premises with a verbal lease for one year from July 1st, 1897, with the understanding that on thirty days’ notice by either party, verbally, the lease could be terminated, and that the rent was thereupon paid for the month of August, 1897.’’ The court still sustained the objection; and to the ruling of the court refusing the defendant the right to prove this new verbal lease, the defendant duly excepted, and this is one of the errors which is complained of here.
The claim of the defendant in error — plaintiff below — is, that this contract was within the statute of frauds; that it was a contract to convey an interest in real estate; that to take it out of the statute of frauds there must be a taking possession, or some act equivalent to that; that the case is covered by the statute of frauds — that the transaction came within section ál98, Revised Statutes of Ohio,which, provides that “No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements or hereditaments, shall be assigned, or granted, except by deed, or note in writing, signed by the party so assigning or granting the same, or his agent thereunto lawfully authorized, by writing, or by act and *227 operation of law.” Now, Mrs. Schneider at the time was in possession of these premises — at the time it was claimed that this new contract was made — through her son; she had taken possession of them in December prior. There was no offer to prove any new possession; there was no offer to show any fact that would indicate that she thereafter remained in possession by virtue of any new contract. She remained until February following. Her possession thereafter was referable to the first contract as well as to any contract made on the 1st of July, 1897, or that might have been made. In our judgment it is the well settled law of Ohio that such a contract as the one offered to be shown in this case is within the statute of frauds; and, to take it out of the statute of frauds, a new possession must be shown; and that therefore the court of common pleas did not err'in refusing to permit the defendant below to prove or show the verbal contract that she offered to prove. The leading case in Ohio upon this question, and which has been cited with approval a great many times in the decisions of the supreme court, is the case of Armstrong v. Kattenhorn, 11 Ohio, 265. The syllabus of the case is:
“A parol contract for a lease between landlord and tenant, in possession under a prior lease, is within the statute of frauds; unless possession be held solely under, and in performance of, the parol contract, the terms of holding clearly indicating the possession to be under the subsequent parol lease.”
And on page 272, the court say:
“Possession must give the contract life, and if they can possibly be separated, the parol agreement perishes under the operation of the statute.
“Hence, if the possession can be referred to any other source than the parol contract, which it is claimed to support, even to the wrongful act of the party in possession, or to a different contract, the statute applies.”
In 18 Ohio St., page 190, the supreme court says:
“A parol contract for a new or supplemental lease between a landlord and his tenant in possession under a former and subsisting lease, is within the statute of frauds, and the continued possession of the tenant does not take the parol contract out of the operation of the statute where the *228 continuing possession of the tenant is as well referable to the first lease as to the second parol lease. ”
And in the 45 Ohio St., 543, at 547 and .548, this old case in the 11th Ohio Reports is referred to and cited with approval and the law laid down substantially as it is in that case. And it is stated again in the recent case of Railroad Co. v. West, 57 Ohio St., 161, and in 60 Ohio St., 427, So that it seems under the well settled law of this state— whatever the law may be elsewhere — that this new contract which was sought to be shown was within the statute of frauds, and that no new possession was taken by Mrs. Schneider so as to take it out of the statute — she remaining in possession as she had before, and paying the same rent until the following 1st of February, and that therefore the 'court of common pleas did not err in sustaining the objection and excluding the testimony offered of a new verbal contract of lease.
The plaintiff in error further complains that the court of common pleas erred in finally directing a verdict for the plaintiff. At the close of the testimony of the parties, the court of common pleas directed the jury to return a verdict for the plaintiff for the full amount claimed; to which an exception was taken, and which is complained of here as error. I might say that it was claimed by Mrs. Schneider that on the last day of January, 1898, she surrendered the premises; that she offered to give up the key to Mr. Curran; that he refused to accept it, and it was sent to him by mail the next day. The court.of common pleas said “he did not accept of any surrender, but she held over, and by such ¡holding over is chargeable with the rent here in question;” and therefore finally instructed the jury to return a verdict for the full amount in favor of the plaintiff. As I have said, there was a conflict in the testimony between plaintiff and defendant as to what the contract was — the original contract of lease. The plaintiff claimed that the original contract was a lease from the 1st day of December, 1896, until the 1st day of December, 1897, with the further agreement that if thirty days notice was not given by Mrs, Schneider, the contract of lease was to continue for one year longer — to the 1st day of July, 1898; and the plaintiff testified to this, substantially, upon the witness stand. The *229 defendant called Rudolph Schneider, who, as I have said, was her son and conducted this business for her as her ■agent — and he denies that the contract was as claimed by the plaintiff. He says, on page 11 of the record:
‘‘I went up to Mr. Curran’s the latter part of November • — -a few days before Thanksgiving, I think it was — and looked at the house. I wanted to rent it. He said the rent was thirty dollars a month. He wanted to make a lease, and I said ‘Well, I can’t make no lease; 1 don’t know how long I will stay.’ I says ‘I will tell you what I will do with you; I will lease the bouse from the 1st of July, 1896, until the 1st of July, 1897, and with the condition that either one of us couldn’t break the lease; that is, we couldn’t break it, nor he couldn't put us out; and if we wanted to move out we could not at any time until the 1st of July, and if he wanted to put us out he could not but we were there to stay,” and he says that after some negotiations and talking with his mother, they finally closed the ■contract of lease with the plaintiff upon these terms.
On page 12, of the record, he asked this question:
”Q. Was there anything said by either of you with reference to keeping the house until July 1st, or provision that if you gave thirty days notice before July 1st, 1897, that you could move out, and if you didn’t, that you would hold it for another year — was there anything of that kind said by either of you?”
And he answers:
“A. There was nothing said about thirty days notice before that.”
He is asked then:
‘‘Q. Was there anything said in December, 1896, either by you ,or by Mr. Curran, with reference to your holding "the bouse after July 1st, 1897, for another year?”
And he answers:
‘‘A. There was nothing said, and we didn’t make any agreement to give him any thirty days notice. When the first of July came we had the privilege of moving out whether we gave thirty days notice or not — ■ ”
On page 21 of the record, on cross examination, he is asked:
”Q In other words, he made you a verbal lease for seven *230 months, you now say — that was the bargain, was it? A. Until the first of July, yes.
‘‘Q. For seven months? A. Yes, sir.”
In that respect, as I say, the testimony of plaintiff and defendant was in conflict, the plaintiff claiming such a contract as I have indicated, and the defendant claiming, through her son — who acted as her agent and who was the witness here — -that the original lease was for seven months only; that nothing was said about renewing it after the 1st of July, and denying expressly the testimony of the plaintiff and the claims of the plaintiff as to that part of the contract.
Now, that was the condition of the testimony upon this contract under which the court directed the jury to return a verdict for the plaintiff for the full amount of the rent for the month of February, 1898. Rudolph Schneider the witness called, testified that they moved out of this house on the last day of January, 1898, before the commencement, of the month of February; that they paid the rent during the whole time they occupied the house, and it is admitted that the rent was paid to February 1st.
This oral contract which the defendant offered to show,, as I have said, was clearly within the statute of frauds; she-was holding over beyond her original term, according to-' the claim of the defendant, the original term being seven-months. No new contract had been made in the contemplation of law. She had held over beyond her term, The-landlord might treat her, under the law of Ohio, either as a trespasser or as a tenant, When he accepted the rent for August, 1897, he elected to treat her as a tenant, and she continued to be his tenant until she moved out. So, as the court below found, she was holding over. But, under this testimony, ought the court to have instructed the jury to render a verdict for the plaintiff for the rent for the month of February, 1897? It will be noticed that the defendant claims that the original contract was for seven-months only — from the 1st of December to the 1st of July, 1897; and it will be noticed further, according to the, testimony of the defense, that after the 1st of July,1897,the defendant occupied this house for exactly seven months — the same term as the original lease, according to the testimony *231 of Rudolph Schneider, who made the contract. Curran claims they occupied the house one day longer — until February 1st. On the 1st of January,1898, Rudolph Schneider notified Mr. Curran that they would no longer occupy the house. Mr. Curran objected to their leaving, and claimed that they had leased for the remainder of the year. Mr. Schneider testifies that on the last day of January, 1898, they left the house, Curran refusing to accept the key, and they mailed the key to him. So that this holding over according to the claims of the defendant, and the occupancy of this house aceording to the contract as claimed by her, was for exactly the same term as the original term, and if the contract originally was for seven months only, as claimed by her, in our judgment, if she held over, she would only be liable for the same term, to-wit, that of seven months; and that therefore the court erred in instructing the jury, under this conflict in the testimony, to return a verdict for the plaintiff for the full amount claimed.
Upon this question I call attention to Wood’s Landlord and Tenant, page 65:
“Where the letting is by the day, week, month, or quarter, at a specific rent for the specific term, the letting is a daily, weekly, monthly or quarterly tenancy, according to the circumstances.”
And again, on page 76:
“If, when premises are let for a year, or from year to year, the tenant holds over, the landlord may elect to treat him as a tenant from year to year, or when the renting is for a shorter period, and the tenant holds over, he will be deemed to hold upon the terms upon which he entered, and the landlord may recover rent of him according to the terms of the original contract or lease.”
In the 40 Indiana, page 521:
“Ordinarily, the tenant’s holding over and the acceptance of rent by the landlord create by implication a new tenancy, of the same character, annual, quarterly, monthly, and «yon the same conditions as the previous tenancy.”
60 Ohio St., 436:
“As the assent of both parties is necessary to the creation of this new contract at the beginning of each year, it is obvious that if the tenant chooses not to hold over, and *232 vacates the premises at the end of any year, the tenancy ceases without liability for rent for the ensuing year, though no notice of his intention be given, as certainly as it does upon the expiration of a lease expressly made for a specific term.”
Smith & Baker, for Plt'ff in Error. T. J. McDonnell,contra.
And we think the same rule would apply where the term was for less than a year.
In the 98 Indiana, page 50:
‘‘When a tfenant for a fixed period less than one year remains in possession beyond that period, with the consent express or implied of the landlord, it creates a tenancy for another term equal in time to the one under which he had previously held, and, in the absence of an agreement to the contrary, upon the same terms and conditions.”
It seems very clear that this must be the rule, both upon reason and authority; that where a tenant is holding for a period less than a year — a quarter, six months, or whatever the period may be, if he holds over, the landlord may elect to treat him as a tenant for the same term under which he has been holding; that it would be manifestly unjust to hold that the landlord might elect to treat one as a tenant for a year and hold him for a year’s rent, where the original tenancy was perhaps only for a quarter or a half year. Now the testimony as to what the original contract here was, was conflicting. If the contract was as the plaintiff claimed it to be, then he was entitled to a verdict for the full amount that he claimed which was one month’s rent. If the contract and the facts were as the defendant claimed them to be, then she held over and occupied the premises for seven months, the same length of time as the original term She bad paid the rent for the full seven months.
She moved out, according to her claim, on the last day of January, 1898 — before the month of February began— and if her claims are sustained, there was no further liability on her part to pay rent.
We think that these conflicting claims of the parties should have been submitted to the jury, and that the court of common pleas therefore erred in instructing the jury to return a verdict in favor of the plaintiff; and, for this error, the judgment of the court of common pleas will be reversed at the cost of the defendant in error.